## IN THE COURT OF APPEALS OF IOWA

No. 16-1756
Filed August 16, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEAN WILLIAM DEMPSTER III.,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Delaware County, Monica L. Ackley, Judge.

        A defendant appeals the district court's amended restitution order. **REVERSED; ORDER VACATED.**

        James G. Thomas and Jeffrey L. Clark of James G. Thomas Law Firm, Anamosa, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Dean Dempster III claims the district court erred in entering an amended restitution order that disallowed a previously allowed offset from insurance proceeds derived from the insurance policy of the owner of the vehicle Dempster was driving. Specifically, Dempster claims the court amended its restitution order in response to a letter from the victim's parents, who he asserts lacked standing.[1]

## I.      Background Facts and Proceedings

On January 21, 2014, the State charged Dempster with homicide by vehicle, in violation of Iowa Code section 707.6A(1) (2014). The charge stemmed from a traffic accident in which Dempster was operating while intoxicated and a passenger—the victim—was killed. In conjunction with a plea agreement, Dempster pled guilty to vehicular homicide by reckless driving, in violation of Iowa Code section 707.6A(2)(a). On April 12, 2016, the district court sentenced Dempster to a ten-year prison term, which it suspended, a $10,000 fine plus a 35% surcharge, which it suspended, and five years of probation. In addition, the court ordered Dempster to pay $150,000 dollars in victim restitution, pursuant to Iowa Code section 910.3B(1).

On June 9, 2016, Dempster filed a release and satisfaction based on a settlement reached on May 7, 2014, between Dempster and his insurance company and the parents of the victim, acting as administrators of the estate and acting in their individual capacities.[2] The settlement provided payment of

---

[1] Dempster also makes a due process argument, asserting he was not given an opportunity to be heard before the amended order was entered. Because we vacate the order on other grounds, we need not address this additional argument.
[2] Iowa Code section 910.7(1) provides:

$100,000 from Dempster's insurance company to the victim's estate and a release from the estate of further claims against Dempster and Dempster's insurer. The State filed a resistance, arguing Dempster's restitution obligation could not be offset by any civil settlement. On June 27, Dempster filed an amended release and satisfaction that added a separate settlement reached on May 7, 2014, between Dempster, the owner of the vehicle Dempster was driving, and the owner's insurer, the administrators of the victim's estate, and the victim's parents in their individual capacities. The settlement provided for payment of $100,000 from the owner's insurer to the victim's estate and for a release from the estate of further claims against Dempster, the owner, and the owner's insurer.

A restitution hearing was held on June 28, 2016, with the two parties—Dempster and the State—discussing whether civil settlements should offset restitution amounts in the criminal proceeding. The district court issued an order on July 12, which determined the civil settlements should offset Dempster's restitution obligation under Iowa law and ordered the clerk of court to apply the settlements to Dempster's restitution. No party appealed this decision. On August 19, 2016, the victim's parents sent a letter to the court that asserted Dempster should not have received credit for the settlement paid by the insurance company for the owner of the vehicle. The court then issued an order that "clarified" its previous restitution order; the court noted that only the

---

At any time during the period of probation, parole, or incarceration, the offender or the office or individual who prepared the offender's restitution plan may petition the court on any matter related to the plan of restitution or restitution plan of payment and the court shall grant a hearing if on the face of the petition it appears that a hearing is warranted.

settlement paid by Dempster's insurer could offset the restitution he owed, not the settlement paid by the owner's insurer. The court's clarification meant that Dempster was still responsible for $50,000 of the restitution amount.

On September 22, Dempster filed a motion to set aside the court's amended order and schedule a hearing on the matter. The court denied Dempster's motion, reaffirmed its amended order, and determined that a hearing was unwarranted because Dempster failed to respond to the letter from the parents and request a hearing.

Dempster appeals.

## II.    Scope and Standard of Review

Generally, "[w]e review restitution orders for correction of errors at law." *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010).

## III.    Standing

Dempster claims the district court erred by amending its order in response to the letter from the victim's parents, who he claims lacked standing to challenge the first restitution order.

In order to have standing, a person "must (1) have a specific personal or legal interest in the litigation and (2) be injuriously affected." *Godfrey v. State*, 752 N.W.2d 413, 418 (Iowa 2008) (citation omitted). While the two elements have much in common, they are separate and distinct. *Id.* The first element requires the person to have "a special interest in the challenged action, 'as distinguished from a general interest.'" *Id.* at 419 (quoting *City of Des Moines v. Pub. Emp't Relations Bd.*, 275 N.W.2d 753, 759 (Iowa 1979)). The second element requires "the plaintiff must be 'injured in fact.'" *Id.* (quoting *United States*

*v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 689 n.14 (1973)).

The victim's parents, who sent the letter—in their personal capacity—that prompted the amended restitution order, fall short on both prongs of the standing test. As to the first element, while they certainly may have an interest in the punishment Dempster received, they did not have a personal or legal interest in the criminal restitution plan itself. They are not a party who may challenge the restitution order under section 910.7(1). As to the second element, the victim's estate and the parents in their individual capacity had settled all claims against Dempster. The State, not the victim's parents, had the "specific personal or legal interest in the" criminal restitution plan and, thus, would be the party "injuriously affected" by the amended order. *See id.* at 418. Because the parents did not have standing to challenge the restitution order, the court should not have amended its order in response to their letter.

Accordingly, we vacate the district court's amended restitution order.

**REVERSED; ORDER VACATED.**